**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID S. MEZEBISH, ET AL. | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE NO. 8:17-CV-01056 |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED BANK, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MOTION TO DISMISS**

Defendant United Bank, Inc. ("United Bank") by and through undersigned counsel, hereby files the following Motion to Dismiss[1] pursuant to Fed. R. Civ. P. 13(a), stating as follows:

**FACTS**

On February 27, 2017, United Bank served a Complaint upon husband and wife, Theresa and David Mezebish (collectively the "Mezebishes") in the Circuit Court of Monroe County, West Virginia. SDWV ECF Doc. 1-1.[2] This case is styled as *United Bank, Inc. v. David S. Mezebish and Theresa M. Mezebish*, Civil Action No. CC-32-2016-C-52, Circuit Court of Monroe County, West Virginia. The gist of the Complaint is that the Mezebishes defaulted on payments owed to United Bank under a promissory note, the purpose of which was to refinance the Mezebishes' debt incurred for the purchase of their retirement home in Monroe County, West

[1] Counsel for the parties conferred and agreed to extend the date to respond to the Complaint until May 25, 2017.

[2] "SDWV ECF" refers to the Southern District of West Virginia's docket.

Virginia. *Id.* United Bank seeks a judgment for the remainder owed under the West Virginia promissory note ("West Virginia Promissory Note") – a sum of $976,415.37 (plus interest). On March 27, 2017, under a theory of diversity jurisdiction,[3] the Mezebishes exercised their right to remove the West Virginia state court action to the United States District Court for the Southern District of West Virginia. SDWV ECF Doc. 1. This case is styled as *United Bank, Inc. v. David S. Mezebish and Theresa M. Mezebish*, Civil Action No. 1:17-cv-02044, SDWV ("West Virginia Action").

A few weeks later, on April 17, 2017 the Mezebishes answered the Complaint denying that they had defaulted on the West Virginia Promissory Note. SDWV ECF Doc. 5, ¶¶ 5-6. Notably, the Mezebishes asserted several affirmative defenses in their Answer, including fraud on the part of United Bank.[4] The **same** day they filed their answer in the West Virginia Action (*i.e.* April 17, 2017), the Mezebishes filed the instant lawsuit (the "Maryland Action") in the District Court of Maryland against United Bank. ECF Doc. 1. They allege that United Bank engaged in a fraudulent scheme to inflate the price of their retirement home, and had they known about the alleged fraudulent transaction and an ongoing criminal investigation, they would not have purchased or financed their retirement home. *Id.* at p. 2. The Maryland Action Complaint alleges five causes of action: fraud in the inducement, constructive fraud, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty. *Id.* at p.

[3] United Bank is organized in West Virginia, the Mezebishes reside in Maryland, and the amount in controversy is $976,415.37. WDVA ECF Doc. 1, ¶¶ 5-6.

[4] The Mezebishes asserted all affirmative defenses contained in Rule 8(c) of the West Virginia Rules of Civil Procedure. SDWV ECF Doc. 5, p. 2. As the case had already been removed, the Federal Rules of Civil Procedure controlled, and thus it is presumed that the Mezebishes intended to assert all affirmative defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure. *Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1416 (4th Cir. 1992)(cases predicated on diversity jurisdiction and filed in federal court are governed by state substantive law and federal procedural law). Regardless of the Mezebishes intention, fraud is listed as an affirmative defense under Rule 8(c) in both the Federal and West Virginia Rules of Civil Procedure.

10-18. Regarding the fraud in the inducement cause of action, the Mezebishes allege that "[t]he Plaintiffs were induced to purchase property in the WSMR[5] and **finance** the same with the Defendant far in excess of the actual value of the property…" *Id.* at ¶ 76 (emphasis added). Regarding the constructive fraud cause of action, the Mezebishes allege that "Plaintiffs were harmed by paying almost three times the value of the actual land and its improvements." *Id.* at ¶ 83(e). Regarding the breach of contract cause of action, the Mezebishes allege that "United offered to **finance** the price of the lot known as 116 Osage Road, Union, WV." *Id.* at ¶ 85 (emphasis added). Regarding the implied covenant of good faith and fair dealing cause of action, the Mezebishes allege that "[United Bank's implied covenant of good faith and fair dealing] arose when Defendant United Bank accepted the Plaintiffs as customers/clients **and entered into agreements to loan them money**…" *Id.* at ¶¶ 92-93 (emphasis added). Regarding the fiduciary duty cause of action, the Mezebishes allege that the fiduciary relationship arose when "Defendant United Bank accepted the Plaintiffs as customers/clients and **entered into agreements to loan them money**…" *Id.* at ¶102. Importantly, all of these causes of action stem from the Mezebishes finance of their retirement home through United Bank and require a determination of the parties' duties and obligations to each other, and breach thereof.

The day after filing their Answer in the West Virginia Action and their Complaint in the Maryland Action (*i.e.* April 18, 2017), the Mezebishes filed a Motion to Transfer Forum and a Notice of Related Case in the West Virginia Action. ECF Docs. 6-8. The Motion to Transfer Forum essentially requested that the West Virginia Action be moved to the District Court of Maryland for the convenience of the parties. ECF Docs. 6-7. United Bank filed a response in opposition [SDWV ECF Doc. 9], and the Mezebishes filed a reply in support of their motion

[5] WSMR stands for Walnut Springs Mountain Reserve, and is the name of the neighborhood where the Mezebishes retirement home is located.

[SDWV ECF Doc. 13]. Thus, the Motion to Transfer Forum has been fully briefed, and is awaiting decision by the West Virginia court. The Notice of Related Filing alerted the West Virginia court that the Mezebishes filed a complaint in the Maryland Action. ECF. Doc. 8.

Most recently, on May 8, 2017 United Bank filed a Motion to Enjoin Defendants in the West Virginia Action. SDWV ECF Docs. 11 and 13. The crux of this motion, similar to the argument *infra*, is that pursuant to Fed. R. Civ. P. 13(a), the claims asserted in the Mezebishes' Maryland Action should have been filed in the West Virginia Action as a compulsory counter claim. *Id.* The Mezebishes responded to this motion on May 22, 2017, and United Bank plans to file a timely reply.

## **Argument**

The sole issue for this court's consideration is whether the Mezebishes were required to file their claims made in instant case as compulsory counterclaims in the West Virginia Action. Federal Rule of Civil Procedure 13(a) is dispositive, and answers that question affirmatively.

In defining a compulsory counterclaim, Fed. R. Civ. P. 13(a) provides in pertinent part: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." The Fourth Circuit has suggested four inquiries to determine if a counterclaim is compulsory: (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any

logical relationship between the claim and counterclaim? *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051-1053 (4th Cir. 1976). A court does not have to answer each of these inquiries affirmatively, rather the test is more so a guideline than a litmus. *Id.* at 1053; *see also Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). Distilling this four-prong test into its most common denominator, the underlying thread is evidentiary similarity. *Painter*, 863 F. 3d at 331.

Regarding inquiry (1), the issues of fact and law regarding United Bank's claims in the West Virginia Action and the Mezebishes claims in the instant action are largely the same. In the West Virginia Action, United Bank alleges default/breach of contract on the West Virginia Promissory Note stemming from the Mezebishes purchase of their retirement home. There the Mezebishes plead fraud as an affirmative defense. Here, the Mezebishes allege fraud and breach of contract concerning the same transaction. The contracts between the parties, the determination of those contracts' validity, and the parties' responsibilities thereunder are common to both actions. Moreover, in the Mezebishes' quest to transfer the West Virginia Action to Maryland for consolidation with the instant case, they admit that it is not "practical for the parties and witnesses to manage two different scheduling orders with differing discovery deadlines, motions deadlines, and trial dates." SDWV ECF 13 at p. 3. The fact that witnesses will be common to both cases suggests that these cases are factually similar.

Regarding inquiry (2), the doctrine of *res judicata* would likely bar the Mezebishes' instant claim, to the extent the claims involve the parties' respective duties and obligations under the West Virginia Promissory Note, and any defenses that would be available to the Mezebishes. Whether the purchase of the Mezebishes home was fraudulent, a breach of contract, or a breach of the implied covenant of good faith and fair dealing can (and should) be resolved in the West Virginia Action. *Stewart v. Petzold*, Nos. 1:00CV00354, 1:00CV00389, 2001 U.S. Dist. LEXIS

24920, at *21 (M.D.N.C. June 5, 2001), *citing Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961)(a claim for fraud in the inducement of a lease contract is a compulsory counterclaim to a claim for breach of the lease agreement, in that both arise from the same lease transaction).

Regarding inquiry (3), substantially the same evidence would support or refute the claims in both the West Virginia and Maryland Actions. The same documentation of the transaction would be identified and introduced into evidence. The same testimony would likely be elicited from the same witnesses.

Lastly, regarding inquiry (4), there is an obvious relationship between the West Virginia and Maryland Actions. The Mezebishes admit that "the ruling in each of these cases will directly [impact] the other" and that different judges could issue potentially "inconsistent rulings." SDWV ECF Doc. 7 at p. 3, and Doc. 13 at p. 3.

*Aaron Fine Arts v. O'Brien*, 244 F.R.D. 294 (D. Md. 2007) is directly on point. In that case, a wife brought a lawsuit in the Central District of California regarding the alleged misuse or sale of her deceased husband's artwork. While the California case was still pending, a few of the defendants sued the wife in the District of Maryland related to the agreements it entered into with the deceased husband to utilize his artwork. In dismissing the lawsuit the court found that the both suits involved the use of the deceased husband's artwork and therefore the "claims in the California Suit and the Maryland Suit arise out of the same transaction or occurrence." *Id.* at 297. Similarly, this court should dismiss the Mezebishes' claims because they arise out of the transaction or occurrence. The common purpose of the West Virginia Action and instant action is to determine the parties' duties and obligations to each other stemming from the Mezebishes'

purchase of their retirement home. For the foregoing reasons, Defendant United Bank respectfully requests that the instant case be dismissed.

Dated: May 25, 2017 Respectfully submitted,

/s/ William A. Sherman, II

William A. Sherman, II, Esq. (18028)
Dinsmore & Shohl LLP
801 Pennsylvania Avenue, NW, Suite 610
Washington, DC 20004
202.372.9100(t)
202.372.9141(f)
william.sherman@dinsmore.com
*Counsel for Defendant United Bank, Inc.*

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 25th day of May 2017, a true copy of the foregoing Motion to Dismiss was filed with the Clerk of the Court, United States District Court for the District of Maryland, using the CM/ECF system, which will send a true copy to counsel of record.

/s/ William A. Sherman, II